RECEIVED
JAN 10 2019
RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

Page 1 of 11

# In the United States District Court
## For the Southern District of Ohio

KARL W. FUGATE # A528-949
    PLAINTIFF

VS.

RON ERDOS; WARDEN
LT. ESHEM
SGT. FELTS         : DEFENDANTS
OFFICER FRI
OFFICER McCOY
CHIEF INSPECTOR; O.D.R.C.

1:19CV030

J. DLOTT    M.J. BOWMAN

## COMPLAINT

1. PARTIES TO THE ACTION:

    PLAINTIFF:    KARL W. FUGATE
                  878 COITSVILLE-HUBBARD RD.
                  YOUNGSTOWN, OHIO 44505
                    PHONE # UNAVAILABLE TO
                        INMATES.

(1.)

A. There are NO other lawsuits in any court which deal with the same facts contained herein.

- My present place of confinement is the Ohio State Penitentiary in Youngstown Ohio.

A. Yes, there is a Prisoner Grievance Procedure at this institution, as in all O.D.R.C. facilities.

B. Yes, I presented the facts relating to this complaint in the State Prisoner Grievance Procedure.

1. I submitted two I.C.R.'s to the appropriate staff members immediately following the incident (see attached exhibits) and then followed those up with grievances to the Institutional Inspector at S.O.C.F., and after that I then went to the Chief Inspector in Columbus.

2. The result of my effort to resolve the issue through the Inmate Grievance Procedure was NEGATIVE. See attached exhibits.

(2.)

DEFENDANTS:

The first 5 Defendants are all employees at the Southern Ohio Correctional Facility (S.O.C.F.) whose address is listed as:

P.O. Box 45699
Lucasville, Ohio 45699

1. Ron Erdos; Warden

2. Lt. Eshem

3. Sgt. Felts

4. Officer Fri

5. Officer McCoy

The 6th Defendant is headquartered in Columbus at:
770 West Broad Street
Columbus, Ohio 43222

6. Chief Inspector; O.D.R.C.

PAGE 4 of 11

## :Statement of the claim:

1. At all times relevant to this case, Plaintiff Fugate was A segregation inmate at the Southern Ohio Correctional Facility, AKA. S.O.C.F..

2. On January 17, 2017, After plaintiff Fugate assaulted a member of the unit staff, the "mandown" Alert was sounded and officers from all over the prison began responding to the site of the incident.

3. The two officers allready in the room, "C.O FRI And CO-McCoy" Tackled imate Fugate to the ground. He was given an order to comply, Inmate Fugate did comply and was immediately placed in restraints.

4. After being handcuffed behind his back, and while laying facedown on the floor, officer McCoy began administering knee's and punches to Plaintiff Fugate's body. McCoy took his night stick (without pulling it all the way out) Jammed it into plaintiff Fugate's body, five or six times, but stopped when officers Fri cautioned him about the camera out in the hallway - facing them. At that time, they looked up at the camera and stopped.

(4.)

5. Plaintiff Fugate was then taken to a holding cage

befor being closed in, SGT. Felts back to the camera, He gave officer Fri an order to "break his arm" and Fri was trying his best with SGt. Felts trying to block the camera.

6. Officer Fri was the one charged with retaining - Physical hold of Plaintiff Fugate on the way to the infirmary, After Plaintiff Fugate had been removed from the cage Officer Fri tried hard to comply with SGt. Felts order to break Plaintiff Fugate's arm while on the long walk to the infirmary.

7. Befor entering the infirmary, while handcuffed and controled by officer Fri, SGt. Felts decided to spray plaintiff Fugate in the Face with A chemical agent used for riot control. Plaintiff Fugate was immediately blinded and began finding it hard to breathe.

8. Other than the pain from having his arm attacked by Officer Fri and the chemical agent covering his face, Plaintiff Fugate was uninjured. He walked to the infirmary under his own power

(5.)

9. At the time of this incident, There were no cameras in the infirmary at S.O.C.F, which is why the infirmary is

The location of choice for staff to administer corporal punishment to inmates who they feel are deserving of such.

10. Plaintiff Fugate was taken into the infirmary and was put in one of the side rooms and seat him down in A chair. LT. Esham came into the room. LT. Esham, SGT. Felts, C.O Fri began administering a brutal beating to his body and head.

11. Punching him, The trio took terns knocking him out of the chair, Just to pick him up, put him back in the chair, and knock him out again, rendering him unconscious, Kicking and striking the plaintiff when he was on the ground. When he awoke, the trio continued the beating awhile longer.

12. Finished with beating, A nurse was called in because blood was runing down his face. the nurse put butterflys on his right eye to close the split. Blood was wiped off his face and cleaned. A doctor was called in. The doctor took one look at the Plaintiff and said "call an ambulance."

13. The doctor left and A black LT. came into the room. LT. Esham told Plaintiff Fugate to sign A paper he had or more would happen to him. The black LT said, "Look at him

and look at his hand. He cant sign anything.

14. An abulance was called to S.O.C.F and plaintiff Fugate was transported to O.S.U hospital for assessment and treatment of his then visable injury's. Walking into the infirmary on his own power, he left the infirmary minits latter on a stretcher.

15. Upon return to S.O.C.F, Pictures of plaintiff Fugate were taken by S.O.C.F staff, which document the visible injury's to his nearly unrecognizable face.

16. Though not recognized during this emergency trip to O.S.U as A result of the beating administered on 1-17-17 by the above named defendants, Plaintiff Fugate suffered A dehabilitating neck injury which has caused him to take pain medicine and nerve medicine for the last tow years, Since the occurrence of the incident. He is still going through the process of receiving proper treatment for his neck injury.

17. Plaintiff Fugate was then returned to segregation housing, specifically, J1-11 cell block in which SGT. Felts was in control. In A slamer cell

18. When Plaintiff Fugate was given his property in his new cell, The majority of it was missing. The start of a new round of retribution against his person, in retaliation for his actions on 1-17-17.

19. For the next 30 days, From 1-18-17 to 2-16-17, Plaintiff Fugate was removed from his cell and taken to the shower and he was strip searched each time. C.O's would go in his cell at this time and throw evrything on the ground. aprox: 90 time's in 30 day's this was done. Evry Shift. He was informed by staff that Warden Ron Erdos had issued an order that this be done, said order being contained in a memo located at the officer station and given verbally to staff at "Roll-call" Each day.

20. The cell that Plaintiff Fugate was now in, Post Jan, 17-2017, was J1-11, which is part of what is known as the "Slammer-Side" Because those cells do not have open-barred fronts, but are completely sealed off. The only possable contact that an inmate can have with another human while in a "Slammer-cell" is when the guard opens the cuff-Port to slide his meals in. Point being that it would be completely unreasonable for S.O.C.F staff to think it A Possibility for Plaintiff Fugate to secure any contraband while in that cell, which means that the repeated strip-searches could of been ordered for only one reason, Puntative Action.

(8.)

21. Plaintiff Fugate appealed to the chief inspector of the O.D.R.C about these repeated strip searches - In addition to the malicious beating that he sufferred - and said inspector found it to be A relevant Fact that plaintiff Fugate was involved in an assaultive action against staff. Since plaintiff Fugate had no ability to secure additional contraband while in A "SI ammer-cell" (And NuN was ever found in his cell or on his person in the 30 days) The relevancy that this fact could possibly have was that Plaintiff Fugate being subjected to multiple strip searches each day was justified as A form of corporal punishment. Which makes the cheif inspector complicit in the unconstitutional actions taken against plaintiff Fugate as well.

22. Though there are multiple claims here, Thay are all correctly brought in one suit since thay are all part of A coordinated plan to subject plaintiff fugate to corporal punishment for his actions on 1-17-17.

23. Defendants, C/O FrI, C/O McCoy, Sgt Felts, LT. Esham, Violated plaintiff Fugates 8th Amendment Right to be free of cruel and unusual punishment by said defendants use of excessive force in the delivering upon him the malicious beating that resulted in his suffering of extreme pain and prolonged, life-Altering injuries. The malicious and wanton nature of which being clearly evidenced by the fact that after securing plaintiff fugate in restraints, Thay halted the beating that had been instinct-

(9.)

ively begun at the site of the incident because they knew that their actions at that location were under surveillance. Knowing that there was no cameras in the infirmary they waited until they got the Plaintiff there before they delivered what they knew to be an unjustified and illegal beating.

24. Defendant Ron Erdos violated plaintiff fugates 4Th Amendment right to be free of unreasonable search and seizure by ordering that plaintiff Fugate be subjected to A repeated and systematic strip-searching: And since this repeated strip searching could of been ordered for No other reason than to subject the Plaintiff to A form of corporal punishment for his Actions of 1-17-17, defendant Ron Erdos also violated plaintiff Fugates right to remain free of cruel and unusual punishment under the 8Th amendment to the U.S. constitution.

25. By condoning the repeated and systematic strip-searching of Plaintiff fugate, the chief inspector of the O.D.R.C Allso stands in violation of plaintiff fugate 4Th Amendment right under the U.S constitution.

- RELIF SOUGHT -

1. Plaitiff fugat first seeks an injunction preventing The O.D.R.C from ever sending him back to S.O.C.F

2. Plaintiff Fugate ask's that all court cost from this suit be payed for by the defendants.

3. For the flagrant and malicious violation of his 8th Amendment right to remain free of cruel and unusual punishment, Plaintiff Fugat seeks 1 Million dollars in compensatory damage and 250 thousand in punitive damage from C/O Fri, C/O McCoy, SSP Felts and LT Esham

4. For The flagrant violation of his 4th and 8th amendment right to remain free from unreasonable searches and seizures and cruel and unusual punishment, Plaintiff Fugate seeks 100-thousand dollars in compensatory damage and 50 thousand dollars in punitive damage from defendants worden Ron Erdor and Chief-inspector of the O.D.R.C.

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE AS TO MATTERS ALLEGED ON INFORMATION AND BELIEF. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
SIGNED THIS 3RD DAY OF JANUARY, 2019.



✶ KARL W. FUGATE

# EXHIBITS

Exhibit A : I.C.R. of 1-25-17 to Capt. Whitman

Exhibit B : Notification of Grievance of 2-2-17

Exhibit C : Disposition of Grievance of 2-13-17

Exhibit D : Chief Inspectors Decision of 3-23-17

Exhibit E : Notification of Grievance of 3-1-17

Exhibit F : Chief Inspectors Decision of 4-3-17

Exhibit G : Attempt of Warden Erdos to pay plaintiff for Destroyed Property.

# Informal Complaint Resolution

1-17-352
Institution: S.O.C.F

EXHIBIT A

*Top section to be completed by inmate, within 14 days of incident.*
*Inmate will forward the White & Canary copies to the **supervisor** of the staff person or department most responsible for complaint; Forward Pink copy to the **Inspector**; and keep the Goldenrod copy.*

Submitted To: First Shift Captain ~~[redacted]~~ Whitman
Date Submitted: 1-25-2017
Inmate's Name: Karl W. Fugate
Number: 528-949
Housing Assignment: J1-11

Complaint Regarding: First shift, aprox. 10:00 AM, Dont know time. On 1-17-17, officer Fry took me to my 4-B Hearing. Mr. Anderson has been very Disrespectful in the Past, and was being disrespectful on the above date. So I tryed to hurt him. C.O. McCoy took me to the ground, Punched and elbowing me. I was allso kneed in the body while I was cuffed up. I was then taken to J-2 cage where C.O Fry was told by Sargeant Felts to "brak my arm", and he was trying all the way down the hallway to medical. Then, in the hall, befor we go into medical, I looked back at Felts, and he sprayed me with the big can, and said, dont Look at me. When I got to medical, They put me in a side room with no camera, Felts, Fry and white shirts Dont know the name of, Assaulted me agin. I was punched and kicked By them, I was knocked out. After I woke up, I was Assaulted again! And then sent out to the out-side hospital. It's on camera DVR. I had no visible Head injury befor going into medical But came out all messed up. They tried to kill me in medical! Then sent to outside hospital. I Fear For my life. I have been threatened by Different officer's since saying, It is going to happen agin. I was told by Felts hiself, he is not going to be happy tell my cell is Full of blood. That was heard by cell-12 and 14. your staff member's violated AR 5120-9-04. Allso my J-2 Pack up, half my stuff was missing when it was given to me over here from J-2, Blue towl, white towl, 6 lopo's, addiess Book, sampo, lotion, new colgat, sock's, shirt's.

End

FEB 01 2017

---

*Lower Section to be completed by the supervisor of the staff person or department most responsible for complaint. Return Canary copy to inmate within 7 calendar days. Send White copy to the Inspector.*

**Action Taken** (Cite appropriate policy, procedure or regulation in response):

Inmate Fugate:
This use of force incident will be reviewed by an use of force committee. The committee will make a recommendation about the appropriateness of the force that was used on you. You will be interviewed by the State Highway Patrol (OSHP) concerning your assault on staff, at that point you will be able to relay your concerns.

Staff Member's Signature and Title: Arthur Bell / Capt. H Bell
Date: Jan. 31, 2017

*Complaints not resolved may be addressed in accordance with 5120-9-31.*

DRC4151 (Rev 11/01)
ACA 4271

(13.)

1-31-19
(LM)

EXHIBIT B
02-17-12/
02-17/

# NOTIFICATION OF GRIEVANCE

Name: Fugate
Number: 558-949    FEB 0 7 2017
Housing Assignment: J1-11

Institution: SOCF
Grievance No. (To be completed by Inspector's Office): 02-17-05
Date: 2-2-2017

A. Explain your complaint. (Be specific. Address only one incident or concern. Include what would solve your complaint.) This nog is Regarding my ICR that I submitted to the 1st shift captain office on 1-25-2017. Captain Bell Replied Back on 1-31-2017. In captain Bell action taken, he stated "OSHP" will be interviewing me regarding my assault on case Manager anderson, and that the use of Force incident will be reviewed.) Please review the camra Footage after I was cuffed up, and was No longer able to hurt staff or myself. from The time I was lead out of the 4-B hearing room, C/O Fry and sgt Felt Kept bending my arm's, trying to hurt me. This can be proved by revieing all of the camra from the time I left the 4B Room, and was taken to medical. once I got to the gate, by medical, sgt Felts sprayed me with the big can for no Reason. Review camra Footage in medical hallway. I was allReady walking with C/O Fry bending my hand's behind my back so why was I sprayed? once I got to medical I was assaulted by Fry, Felts, and Lt ishum. They beat the day lights of me. Tryed to kill me. This was done in the Room that has no camra. As camra shows, No visible head Injury befor I was put in that room, when I came out I was so beat up, I was taken by ambulance to out side hospital. This is Retaliation For what happened to anderson. It can be proven by camra That Fry was trying to brak my arm all the way to medical and Felt sprayed me. why is it that alot of assault happen in medical were there is No camra in the Room. any time an inmate assault staff a white shirt should have to have a camra inside medical were it isent A camra taping.

1-17-17 Reported Use of Force
RIB-17-000219

B. I will experience a substantial risk of **PHYSICAL INJURY** if this grievance is not promptly addressed.   ☑ Yes   ☐ No

C. I filed an informal complaint on 1-25-2017 with Capt, Whitman / First shift Captain.
(Attach informal complaint resolution).

D. I have read Administrative Regulation 5120-9-31.   ☐ Yes   ☑ No

Inmate Signature: Karl W. Fugate

DRC 4088 (Rev. 11/01)   DISTRIBUTION:   WHITE & CANARY - Inspector   PINK - Inmate   ACA 4271, 4331

(14.)

**DISPOSITION OF GRIEVANCE**

| | |
|---|---|
| **INMATE:** FUGATE, KARL W | **COMPLAINT CODE:** STAFF / INMATE RELATIONS - Force - Reported use of force |
| **NUMBER:** A528949 | **DISPOSITION:** DENIED - No violation of rule, policy, or law |
| **INSTITUTION:** OSP | **GRIEVANCE NUMBER:** SOCF-02-17-000124 |
| **DATE:** 02/13/2017 | |

☐ The disposition of this grievance will be delayed longer than 14 calendar days for the following reason(s):

☑ Your grievance, filed on 02/07/2017, has been reviewed and disposed of as follows:
Your grievance is regarding a Reported Use of Force on 01/17/2017.

You state this is regarding your ICR that you submitted to the first shift captain on 01/25/2017. Captain Bell responded on 01/31/2017 and stated OSHP will be interviewing you regarding your assault on Case Manager Anderson and that the Use of Force Incident will be reviewed. You state please review the camera footage after you were cuffed up and were no longer able to hurt staff or yourself. From the time you were lead out of the 4B hearing room, you allege Officer Fri & Sgt. Felts kept bending your arms, trying to hurt you, and this can be proved by reviewing all of the camera footage from the time you left the 4B room and were taken to medical. You allege once at the gate by medical, Sgt. Felts sprayed you with his big can for no reason. You state review the camera footage for the medical hallway. You allege you were already walking with Officer Fri bending your hands behind your back. So you ask why you were sprayed. You allege once in medical, you were assaulted by Officer Fri, Sgt. Felts and Lt. Eshem. You allege they beat the daylights out of you. You allege they tried to kill you and this happened in the room with no camera. You allege the camera shows no visible head injury before you were put in the room and when you came out, you were beat up. You state you were taken by ambulance to the outside hospital.

You allege this is retaliation for what happened to Mr. Anderson and it can be proven by camera that Officer Fri was trying to break your arm all the way to medical and Sgt. Felts sprayed you. You ask why is it that a lot of assaults happen in medical where there is no camera in the room and anytime an inmate assaults staff, a white shirt should have to have a camera inside medical where no camera is taping.

This entire incident is a Reported Use of Force which will be investigated in accordance with AR 5120-9-01 and AR 5120-9-02.

On 01/17/2017, you were issued Conduct Report SOCF-17-000219 for a violations of rules 3, 5, 18, 20, 21 &28. RIB found you guilty of rule s3, 5, 18, 20, 30 & 36.

On 01/19/2017, you filed ICR 01-17-232 to DWO Cool. You were told in response that the incident had been assigned to a Use of Force Committee.

On 01/20/2017, you filed ICR 01-17-233 to the Warden and in this complaint you allege you were knocked out by staff and beat up. You were told in response that an investigation is being conducted regarding this incident.

On 01/25/2017, you filed ICR 01-17-352 to the first shift captain. You were told in response that the Use of Force Committee would review the incident and OSHP would interview you.

If you wish, you may appeal this decision to the Chief Inspector within 14 calendar days. Appeal forms are available in the office of the Inspector of Institutional Services.

*Linnea Mahlman*

Page 1 of 2



| **INMATE:** FUGATE, KARL W | **GRIEVANCE NUMBER:** SOCF-02-17-000124 |
|---|---|
| **NUMBER:** A528949 | **DATE:** 02/13/2017 |

I reviewed all DVR footage and all reports written by all staff involved in your assault. I also reviewed photos of you, Case Manager Anderson, and the weapon you used to assault him.

I reviewed your MER and the Subjection Evaluation was, "I wanted to go to OSP". The Objective Physical Findings were, "Adult male, alert and oriented, respirations even and unlabored. Pupils PERRLA bilaterally, clear speech during encounter, FROM noted to neck, LROM noted to jaw. Abrasion present to md forehead. Laceration present to right lateral brow. Edema and pink discoloration present above right ear. Edema and pink discoloration present to left lateral orbit and top of left lateral jaw. Ambulatory to infirmary with steady gait, no complaints of dizziness or reported loss of consciousness. FROM note to extremities and digits." Treatment was, "Laceration to right brow cleansed with normal saline and steri strips applied for closure. Vital signs completed with neuro check. Full body assessment completed. ALP contacted for assessment of injuries and referral for treatment. Ibuprofen give x800mg PO for pain and discomfort. Ice offered for edema to orbit and above ear. Sent to OSU ER by squad by ALP Conley instruction."

You will be interviewed by the Use of Force Committee and then the DWO and managing officer, per AR 5120-9-01 and AR 5120-9-02, will determine if the force used was justifiable.

This office considers your grievance denied and will take no further action at this time.

DRC4089 (REV 7/91)  Page 2 of 2



# Decision of the Chief Inspector on a Grievance Appeal

| Inmate: | Institution: |
|---|---|
| FUGATE, KARL W | OSP |
| Number: | Grievance No.: |
| A528949 | SOCF-02-17-000124 |
| Date: | |
| 03/23/2017 | |

The office of the Chief Inspector is in receipt of your notification of grievance, the disposition of that grievance, and your appeal to this office. A review of your appeal has been completed. The decision of the Inspector is hereby
**Affirmed**
In your appeal to this office, you restate your claim of improper force used against you by staff members while incarcerated at Southern Ohio Correctional Facility (SOCF). In summary, you claim on 1-17-2017 several staff used improper force against you; you claim the force used against you was not justified and excessive.

This office conducted a review of your Informal Complaint Resolution, Notification of Grievance, Disposition of Grievance, Rules Infraction Board (RIB) history, Inmate Use of Force Statement dated 1-17-2017, Conduct Report dated 1-17-2017, Medical Exam Report dated 1-17-2017, Supervisors Use of Force Summary Report dated 1-17-2017, Use of Force Investigation dated 1-30-2017, Incident Reports associated with the event, Administrative Rule (AR) 5120-9-31 (Inmate Grievance Procedure), staff involved grievance history, AR 5120-9-04 (Appropriate Supervision, Discrimination and Racial Issues), AR 5120-9-02 (Use of Force Reports and Investigations) and AR 5120-9-08 (Disciplinary Procedures for Violation of Inmate Rules of Conduct Before the Rules Infraction Board). In analysis of this information, it is determined the Inspector rendered the correct decision in their disposition; there is no evidence to substantiate a violation of policy or rule in this matter. This office determines that all pertinent rules, policies and associated procedures were followed as a result of the incident; there is no indication of a violation of AR 5120-9-04.

A review of your appeal has been completed and the decision of the Inspector is hereby AFFIRMED.

No further action will be taken in regard to this appeal at this time.

| Signature: | Title: |
|---|---|
| [signature] | ASSISTANT CHIEF |

2-27-17
LM

Chief Inspector

# NOTIFICATION OF GRIEVANCE

| Name: Fugate | CHIEF INSPECTOR'S OFC | Institution: SOCF |
|---|---|---|
| Number: 528-949 | 2017 MAR -3 PM 3:35  Grievance No. (To be completed by Inspector's Office): CI-03-17-00003 | |
| Housing Assignment: J1-11 | Date: 3-1-2017 | |

A. Explain your complaint. (Be specific. Address only one incident or concern. Include what would solve your complaint.) Complaint regarding the warden

Per the warden, From 1-18-2017 to 2-16-2017, I was taken out of my cell and put in the shower 3 times A day, every shift and strip searched and my cell tore up. It was retaliation and harassment because I assulted A staff person here. They only call A Porter in this block in the morning. Im in A slammer cell. There is No way to get contraband in this cell. And it shows. They never found any contraband. in Approx 90 shak down's in 30 days. Nothing. my right's where violated.

Some one need's to be sent here to investigate the way this warden is runing this prison.

I would like compensation for what he put me through.

B. I will experience a substantial risk of **PHYSICAL INJURY** if this grievance is not promptly addressed.
☑ Yes  ☐ No

C. I filed an informal complaint on _____ with _____
       Date            Name            Position
(Attach informal complaint resolution).

D. I have read Administrative Regulation 5120-9-31.  ☑ Yes  ☐ No

Inmate Signature: Karl W. Fugate  528-949

DRC 4088 (Rev. 11/01)  DISTRIBUTION:  WHITE & CANARY - Inspector  PINK - Inmate  ACA 4271, 4331

18.

# Decision of the Chief Inspector on a Grievance

| Inmate: | FUGATE, KARL W | Institution: | SOCF |
|---|---|---|---|
| Number: | A528949 | Grievance No.: | CI-03-17-000003 |
| Date: | 04/03/2017 | | |

The office of the Chief Inspector is in receipt of your Notification of Grievance against

_____Ron Erdos_____ at the _____SOCF_____
*(Name of Warden or Inspector)* *(Name of Institution)*

In your complaint you state from 1/18/17 to 2/16/17, you were taken from your cell and put in the shower three times per day. You also state your cell was repeatedly searched.

Upon review of your compliant an administrative rule 5120-9-31, I find no merit to your complaint. I further find institution grievance and disciplinary records you were issued a conduct report for assaultive actions you engaged in with institution staff.

I find that Administrative Rule 5120-9-31, Inmate Grievance Procedure, states in part that grievances in which the Warden or Inspector of Institutional Services has been made a party must show that the Warden or Inspector of Institutional Services was personally and knowingly involved in a violation of law, rule, or policy and approved it or did nothing to prevent it. There are no facts in the current grievance that meet these requirements.

Accordingly this grievance is DENIED. This office will take no further action.

| Signature: *Roger Wilson* | Title: CHIEF INSPECTOR |
|---|---|

Exhibit F

# Release of Claim

A release executed between Warden (name printed) __Warden Erdos__
on behalf of the State of Ohio and the Department of Rehabilitation and Correction, and inmate
(name and number printed) __Fugate 528-949__ pursuant
to § 2743.02 of the Ohio Revised Code and rule 5120-9-32 of the Ohio Administrative Code.

In consideration of $ __50.00__ (not to exceed $300) to be credited to the undersigned inmate's institutional account, the inmate voluntarily and knowingly executes this release with the express intention of extinguishing of the obligations herein described.

The undersigned inmate does hereby release, hold harmless from any liability and forever discharge the State of Ohio and the Department of Rehabilitation and Correction, their officers, employees, and agents, personally or in any capacity, from any and all claims, actions, causes of action, demands, costs, expenses, and any and all other damages, which the undersigned inmate ever had, now has, or in the future may have, or claim to have, against the State of Ohio or the Department of Rehabilitation and Correction, their officers, employees, and agents for loss of or damage to property arising out of the following incident: (describe incident, including date and time)

__6-6-17 I/m Fugate #528-949 was transferred to OSP & SOCF failed to complete a pack up slip. OSP inventoried Fugates property upon arrival SOCF violated DRC 61-PRP-01.__

Property Claimed (for state accounting)

| # | | # | |
|---|---|---|---|
| 1. | $50.00 | 9. | |
| 2. | | 10. | |
| 3. | | 11. | RECEIVED |
| 4. | | 12. | |
| 5. | | 13. | AUG 08 2017 |
| 6. | | 14. | SOCF INSPECTOR |
| 7. | | 15. | |
| 8. | | 16. | |

The undersigned inmate acknowledges that this Release of Claim constitutes the entire agreement between the parties hereto, and that the terms are contractual and not a mere recital. The undersigned inmate further acknowledges that he/she has read this Release of Claim, and he/she understands this Release of Claim and voluntary executes it.

| Inmate's Signature: | Date: |
|---|---|
| Warden's Signature: *[signed]* | Date: |

DRC1833 (05/04)   DISTRIBUTION: WHITE - Unit File   CANARY - Inspector   PINK - Inmate   GOLDENROD - Business Office / Cashier



Sent to Warden 8-1-17

