UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KARL FUGATE,
    Plaintiff,

vs.

RON ERDOS, Warden, *et al*.,
    Defendants.

Case No. 1:19-cv-30

Dlott, J.
Bowman, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Pro se plaintiff, an inmate at the Ohio State Penitentiary, brings this 42 U.S.C. § 1983 action against five Southern Ohio Correctional Facility (SOCF) employees, Warden Erdos, "Lt. Eshem," "Sgt. Felts," "Officer Fri," and "Officer McCoy," and the Chief Inspector of the Ohio Department of Rehabilitation and Corrections (ODRC) for alleged violations of his rights while he was incarcerated at SOCF. (*See* Doc. 1-1). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A.**    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.      Plaintiff's Complaint**

Plaintiff alleges that at all times relevant to this case he was a "segregation inmate." (Doc. 1-1, at PageID 16). He claims that on January 17, 2017, after he "assaulted a member of the unit staff," defendants Fri and McCoy tackled him to the ground and placed him in restraints. (*Id.*). While he was in restraints and lying face down on the ground, plaintiff claims that defendant McCoy kneed, punched, and hit plaintiff with a nightstick. (*Id.*). Plaintiff claims that McCoy stopped hitting him when defendant Fri cautioned McCoy about the camera in the hallway. (*Id.*).

Plaintiff claims that he was then taken to a holding cell where defendant Felts allegedly ordered Fri to break plaintiff's arm. (*Id.* at PageID 16-17). Plaintiff claims that Fri tried to break his arm before placing plaintiff in the cell and again later when Fri escorted plaintiff to

3

the infirmary. (*Id*. at PageID 17). Plaintiff claims that before he entered the infirmary Felts sprayed him in the face with chemical spray, which immediately blinded plaintiff and made it difficult for him to breathe. (*Id*.).

Plaintiff asserts that inside the infirmary he was placed in a room and beaten off camera by defendants Esham, Felts, and Fri. (Doc. 1-1 at PageID 17-18). Plaintiff claims that as a result of the beating he was taken by ambulance to the hospital for assessment and treatment. (*Id*. at PageID 18-19). Plaintiff claims that he continues to require medication and treatment for a neck injury that he sustained during the alleged beating. (*Id*. at PageID 19).

Upon returning to SOCF from the hospital, plaintiff claims that he was placed in a segregation unit in which Felts was in charge and that plaintiff was subjected to retaliation "for his actions on 1-17-17." (*Id*. at PageID 19-20). Specifically, plaintiff claims that when he received his property in his new cell, the majority of items were missing. (*Id*. at PageID 20). Plaintiff also claims that from January 18, 2017 to February 16, 2017, he was subjected to numerous cell and strip searches, "approx.: 90 times in 30 days," even though, he claims, he had only limited contact with others and, thus, had little opportunity to secure any contraband. (*Id*.). Plaintiff alleges that he was told by staff that the searches were conducted per a memorandum issued by defendant Erdos. (*Id.*).

Plaintiff claims that he "appealed [a grievance] to the chief inspector of the O.D.R.C. about these repeated strip searches—[i]n addition to the malicious beating that he suffered— and said inspector found it to be a relevant fact that [plaintiff] was involved in an assaultive action against staff." (*Id*. at PageID 21).

For relief, plaintiff seeks monetary and injunctive relief. (*Id*. at PageID 21).

C.   **Analysis of the Complaint**

Plaintiff asserts an Eighth Amendment excessive-force cause of action against defendants Fri, McCoy, Felts, and Esham based on their respective roles in the alleged events on January 17, 2017; Fourth and Eighth Amendment causes of action against defendant Erdos based on his alleged memorandum ordering the challenged searches occurring between January 18, 2017 and February 16, 2017; and a Fourth Amendment cause of action against the ODRC Chief Inspector based on his or her failure to take corrective action after receiving plaintiff's grievance appeals regarding the allegedly improper searches. (*See* Doc. 1-1, at PageID 21-22).

Without the benefit of briefing, the Court concludes at this juncture that plaintiff may proceed with his excessive force cause of action against defendants Fri, McCoy, Felts, and Esham. The Court also concludes, out of an abundance of caution, that plaintiff may also proceed at this juncture with his Fourth and Eighth Amendment causes of action against defendant Erdos. However, the complaint is subject to dismissal in all other respects.

Plaintiff's claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. An action against a state official in his or her official capacity is the equivalent of an action against the State he or she represents. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 70-71 (1989).

Further, plaintiff's claims should be dismissed against any defendant to the extent plaintiff seeks to sue them under a *respondeat superior* theory. It is well-settled that the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *See, e.g.*, *Wingo v. Tennessee Dep't of Corr.,* 499 F. App'x 453, 455 (6th Cir. 2012)

(citing *Polk Cty. v. Dodson,* 454 U.S. 312, 325 (1981)). "In order to find supervisory personnel liable, a plaintiff must allege that the supervisors were somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)); *see also Colvin v. Caruso,* 605 F.3d 282, 292 (6th Cir. 2010) (quoting *Cardinal v. Metrish*, 564 F.3d 794, 803 (6th Cir. 2009)) (to succeed on claim against supervisory state prison officials, the plaintiff must show the officials "at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending officers").

Next, plaintiff's claims against the ODRC Chief Inspector must be dismissed. As noted above, plaintiff bases his claims against the ODRC Chief Inspector on allegations that he or she failed to take corrective action after plaintiff filed a grievance appeal. Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has not alleged any facts suggesting that the ODRC Chief Inspector directly participated in any alleged unconstitutional conduct. To the extent plaintiff complains the ODRC Chief Inspector failed to properly respond to plaintiff's grievance appeal, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure. *See Walker v. Mich. Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Accordingly, the complaint against the ODRC Chief Inspector should be dismissed.

Additionally, plaintiff uses the term "retaliation" in his complaint. (*See* Doc. 1-1, at PageID 20). To the extent that plaintiff attempts to bring a First Amendment retaliation claim, such a claim is subject to dismissal. To state a retaliation claim, a plaintiff must allege three elements: (1) that he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff fails to meet the first prong of the retaliation claim. He does not allege that any defendant retaliated against him for engaging in protected conduct. Rather, he asserts that the defendants' allegedly unlawful actions were taken because plaintiff assaulted a staff member. Assaulting a prison officer is not protected conduct. *See, e.g.*, *Brown v. Caruso*, No. 2:10-cv-180, 2010 WL 3720184, at *2 (W.D. Mich. Sept. 17, 2010).

Finally, to the extent that plaintiff alleges that he was deprived of his personal property without due process, he has failed to state a claim upon which relief may be granted. "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004). Plaintiff has not alleged any facts indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate.

Accordingly, in sum, the undersigned concludes that plaintiff may proceed at this juncture with his Eighth Amendment excessive-force cause of action against defendants Fri, McCoy, Felts, and Esham, and his Fourth and Eighth Amendment causes of action against defendant Erdos. Plaintiff's complaint, however, is subject to dismissal in all other respects.

**IT IS THEREFORE RECOMMENDED THAT:**

The complaint (Doc. 1-1) be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), with the exception of plaintiff's Eighth Amendment excessive-force cause of action against defendants Fri, McCoy, Felts, and Esham, and plaintiff's Fourth and Eighth Amendment causes of action against defendant Erdos.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

**IT IS THEREFORE ORDERED THAT:**

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Fri, McCoy, Felts, Esham, and Erdos.

2. Plaintiff shall serve upon defendants or, if an appearance has been entered by counsel, upon defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KARL FUGATE,                                                      Case No. 1:19-cv-30
    Plaintiff,

                                                                     Dlott, J.
vs.                                                                              Bowman, M.J.

RON ERDOS, Warden, *et al*.,
    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).