**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| KARL FUGATE, | Case No. 1:19-cv-30 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| RON ERDOS, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff Karl Fugate, currently incarcerated at the Ohio State Penitentiary, filed a civil rights complaint against officials at the institution at which he was previously incarcerated. Pursuant to local practice, the case has been referred to the undersigned magistrate judge.

**I.  Background**

Upon initial screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned filed a Report and Recommendation ("R&R") that recommended the dismissal with prejudice of multiple claims asserted by Plaintiff. (Doc. 6, Order and R&R). The presiding district judge subsequently adopted that R&R, and the U.S. Marshal served the complaint on Plaintiff's behalf on five Defendants against whom claims were permitted to proceed. (Docs. 7, 8).

On March 27, 2019, Defendants Ron Erdos, Sgt. Felts, Officer Fri, and Officer McCoy jointly filed an answer to the complaint as well as a motion to dismiss for failure to state a claim. (Docs. 9, 10). Due to a delay in service on the fifth Defendant, Lt. Eshem filed a separate answer on July 17, 2019, along with a substantially identical motion to

dismiss. (Docs. 26, 27). Plaintiff filed responses to both motions to dismiss and filed a "supplemental response" to the earlier filed motion. (Docs. 15, 24, 30).

For the reasons explained below, Defendants' motions to dismiss should be denied, except as to Plaintiff's claim for injunctive relief. By separate Order filed herewith, the undersigned has denied two related motions to strike filed by Defendants, as well as two motions filed by Plaintiff.

**II.    Standard of Review**

When considering a motion to dismiss under Rule 12(b)(6), the court is required to construe the complaint in the light most favorable to the Plaintiff and to accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). Instead, a complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). A complaint will generally survive

under Rule 12(b)(6) standards if it contains sufficient factual content "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Reilly v. Vadlamudi*, 680 F.3d 617, 622–23 (6th Cir. 2012) (quoting *Ashcraft v. Iqbal*, 29 S.Ct. 1937, 1949 (2009)). By contrast, if a defendant has filed a well-supported and meritorious motion to dismiss that clearly illustrates that the plaintiff has failed to state a claim, the motion will be granted.

### III. Analysis of Motions to Dismiss

#### A. Dismissal of Claims Based on Insufficiently Pleaded Capacity

As part of its initial screening under the Prison Litigation Reform Act, the Court dismissed all claims brought by Plaintiff against the Defendants in their official capacities, to the extent that Plaintiff seeks an award of monetary damages. (*See* Doc. 4 at 5, "claims against any defendant in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages"). Defendants now argue that because the complaint fails to specifically state whether Plaintiff is seeking to recover against them in their individual or official capacities, this Court must assume as a matter of law that Defendants are named solely in their official capacities. *See Soper v. Hoben,* 195 F.3d 845, 853, (6th Cir. 1999) (citing *Hardin v. Straub*, 954 F.2d 1193, 1199 (6th Cir. 1992) and *Wells v. Brown*, 891 F.2d 591, 592-94 (6th Cir. 1989)). Defendants then argue that based on this Court's prior analysis, all of Plaintiff's claims for damages must be dismissed under the Eleventh Amendment.

In response to Defendants' motion, Plaintiff explains that he intended to bring claims against all Defendants in both their official capacities (for injunctive relief) and in

3

their individual capacities (for monetary damages) "which is what *he thought himself to be doing when he listed the Defendants by title and name*." (Doc. 15 at 2, emphasis added). To the extent that Plaintiff's original complaint was insufficiently clear, Plaintiff seeks to supplement or amend to be "more explicit in his delegation of what capacity he was bringing suit in…." (Doc. 15 at 3). Plaintiff further states that he is dropping his request for injunctive relief, such that suit may proceed against all Defendants for monetary damages "in only their individual capacity." (*Id.*) Plaintiff filed an amendment to his complaint to the same effect. (Doc. 16).

In a reply memorandum, Defendants argue that Plaintiff's response "acknowledges that he failed to provide the appropriate capacity and now seemingly wants another bite of the apple…." (Doc. 19 at 2). Defendants urge this Court to reject Plaintiff's attempt to "amend" in order to clarify capacity, and instead to strictly construe the allegations of the original complaint as identifying the Defendants solely in their official capacities. (*Id.*)

Plaintiff filed a "supplemental memorandum" - essentially a sur-reply - that objects to the Defendants' characterization of his response as a concession that he improperly pleaded capacity. The undersigned agrees with Plaintiff that Defendants go too far in asserting that Plaintiff has "acknowledge[d] that he failed to provide the appropriate capacity." To the contrary, Plaintiff's response stresses his belief that his original complaint *was* sufficient as a matter of law to identify each Defendant in both his individual and official capacities. Only if this Court agrees with Defendants and deems capacity to be insufficiently pleaded does Plaintiff seek to amend to clarify that his claims were filed

4

against the Defendants in their individual capacities. Thus, Plaintiff's response in opposition to dismissal does not amount to a concession that his original claims should be dismissed.

The undersigned further rejects Defendants' underlying premise – that this Court must construe the original complaint as alleging claims solely and exclusively against the Defendants in their official capacities as a matter of law. First, the fact that the Court has already dismissed, on initial screening, all claims for monetary damages against Defendants in their official capacities implies that the Court viewed the remaining claims for damages as against the Defendants in their individual capacities. In fact, the Defendants' answers, which present the defense of qualified immunity, similarly suggest that the Defendants themselves viewed the complaint as asserting such claims.[1] Last but not least, in *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001) (*en banc*), the Sixth Circuit held that a "course of proceedings" test determines whether or not § 1983 defendants have received adequate notice that they are being sued in their individual capacities. In *Moore*, the Sixth Circuit distinguished the cases relied upon by Defendants, and explained that a failure to specify capacity "is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Id.* at 772.

The present case is in the early stages of litigation. Based upon the course of proceedings to date (including the nature of the claims, Defendants' answers, and

---

[1] The case chiefly relied upon by Defendants, *Soper v. Hoben*, examined capacity in the context of a motion for summary judgment, not at the outset of a case in a motion to dismiss. Still, the Sixth Circuit declined to grant judgment to the defendants because the defendants had discussed the issue of qualified immunity. *Id.* at 853. Also noteworthy is that in *Soper*, the plaintiffs were represented by counsel and were not entitled to the liberal construction of their complaint that the pro se plaintiff is entitled to here.

Plaintiff's supplement/amendment), the undersigned concludes that the pro se Plaintiff has provided adequate notice to the Defendants of his intention to sue them for monetary damages in their individual capacities. Therefore, the undersigned recommends denial of Defendants' respective motions to dismiss all claims for monetary damages against them.

### B. Dismissal Based on *Respondeat Superior*

As an additional ground for dismissing all claims against Defendant Erdos, that Defendant argues that Plaintiff's allegations do no more than present a claim based upon supervisory liability or *respondeat superior*, a doctrine that has no application under 42 U.S.C. § 1983. However, in this Court's initial screening of the complaint, the Court already dismissed all claims against any defendant (including Erdos) "to the extent plaintiff seeks to sue them under a *respondeat superior* theory." (Doc. 4 at 5). There is no need to dismiss claims that already have been dismissed.

As to Defendant Erdos specifically, dismissal is not warranted because this Court liberally construed Plaintiff's allegations as asserting a more active and personal role than respondeat superior: chiefly, "his alleged memorandum ordering the challenged searches [against Plaintiff] occurring between January 18, 2017 and February 16, 2017." (*Id.*) In advocating for dismissal, Defendants assert that Plaintiff "fails to show direct instances and provide details of such occurrences where Defendant Erdos directly participated in the search or show any direct proof where Defendant was personally involved in such." (Doc. 9 at 8). In response, Plaintiff reasonably argues that he requires discovery in order to provide the details and "proof" that Defendants seek.

Defendants' argument might carry more weight if presented on summary judgment and supported by citation to the record. But a plaintiff is not required to present "direct proof" at the pleading stage, and Rule 12(b)(6) does not support dismissal based upon a lack of *evidentiary* support. Under Rule 12(b)(6), Plaintiff's allegations are assumed to be true. In the context of Rule 8's "notice pleading" standards, where Plaintiff's pro se pleading is to be liberally construed, Defendants' motion must be denied.

### C. Dismissal of Improper Claim for Injunctive Relief

Only Defendants' last argument has merit. Plaintiff's original complaint seeks "an injunction preventing the [sic] ODRC from ever sending him back to SOCF." Defendants seek to dismiss this claim because Plaintiff failed to identify the parties against whom he seeks injunctive relief, and/or to tie the relief to the claims presented in this lawsuit. Plaintiff does not oppose dismissal of this single claim, but instead seeks to withdraw the claim for injunctive relief. (*See* Doc. 15 at 4-5, agreeing that "injunctive relief was inappropriately sought against the presently named defendants," and "withdraw[ing] his request for such an injunction.") Considering the arguments of both parties, and Plaintiff's amendment to his complaint (Doc. 16), the undersigned recommends that all claims for injunctive relief in this case be dismissed without prejudice.[2]

### IV. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** the motions of the

---

[2] The Defendants also seek dismissal of the claim for injunctive relief as moot in light of Plaintiff's transfer to OSP. Although the Sixth Circuit has held that a prisoner's request for injunctive relief at a facility may be rendered moot by his subsequent transfer to another institution, Plaintiff's specific request is not moot because he still could be transferred back to SOCF.

Defendants to dismiss (Docs. 9, 26) be **GRANTED** as to any claims for injunctive relief, insofar as Plaintiff has agreed to voluntarily dismiss those claims without prejudice and has amended his complaint to do so.  However, Defendants' motions to dismiss other claims against them in their individual capacities should be **DENIED**.

<u>*s/ Stephanie K. Bowman*</u>
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

.
KARL FUGATE,                                            Case No. 1:19-cv-30

      Plaintiff,                                  Dlott, J.
                                                   Bowman, M.J.
  v.

RON ERDOS, et al.,

      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).