**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| KARL FUGATE, | Case No. 1:19-cv-30 |
| Plaintiff, | Dlott, J. |
| | Bowman, M.J. |
| v. | |
| RON ERDOS, et al., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Karl Fugate, currently incarcerated at the Ohio State Penitentiary, filed a civil rights complaint against various officials at the Southern Ohio Correctional Facility. Pursuant to local practice, the case has been referred to the undersigned magistrate judge. By separate Report and Recommendation filed this same day, the undersigned has recommended that Plaintiff's claim for injunctive relief be dismissed without prejudice, but that Defendants' motions to dismiss otherwise be denied. This Order addresses four non-dispositive motions.

**I.   Background**

Upon initial screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), the undersigned filed a Report and Recommendation ("R&R") that recommended the dismissal with prejudice of multiple claims asserted by Plaintiff. (Doc. 6, Order and R&R). The presiding district judge subsequently adopted that R&R, and the U.S. Marshal served the complaint on Plaintiff's behalf on the five remaining Defendants against whom claims were permitted to proceed. (Docs. 7, 8).

On March 27, 2019, Defendants Ron Erdos, Sgt. Felts, Officer Fri, and Officer

McCoy jointly filed an answer to the complaint and a separate motion to dismiss for failure to state a claim. (Docs. 9, 10). Due to a delay in service on the fifth Defendant, Lt. Eshem filed a separate answer on July 17, 2019, along with a substantially identical motion to dismiss. (Docs. 26, 27). Plaintiff filed responses to both motions to dismiss, as well as a "supplemental response" to the earlier filed motion. (Docs. 15, 24, 30).

On April 12, 2019, after the first four Defendants filed their answer but before Lt. Eshem had entered his appearance, Plaintiff filed an "amendment to the complaint." (Doc. 16). On May 3, 2019, Defendants Erdos, Felts, Fri and McCoy filed a motion to strike the amendment on procedural grounds. (Doc. 20). The same group of Defendants also moved to strike Plaintiff's "supplemental response" to their motion to dismiss as a procedurally improper sur-reply. (Doc. 25). In addition to the Defendants' motions, Plaintiff has filed a motion seeking the appointment of counsel and a motion for an order requiring the Defendants to answer the complaint. (Docs. 12, 13).

### A. Plaintiffs' Motions

#### 1. Motion for the Appointment of Counsel

Plaintiff seeks the appointment of counsel based upon his indigency as a prisoner, and for the additional reason that he has a significant mental impairment, which resulted in an award of disability benefits prior to his incarceration. (Doc. 12). However, prisoners have no constitutional right to counsel in civil cases brought under 42 U.S.C. § 1983, and "courts within this circuit, absent extraordinary circumstances, do not appoint lawyers for indigent and pro se prisoners in civil rights cases." *Glover v., Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Neither Plaintiff's alleged mental disability nor his indigent status warrant

the appointment of counsel at this time. Notwithstanding his alleged mental impairment, Plaintiff has more than adequately represented himself to date, as illustrated (in part) by his ability to overcome two separate motions to dismiss filed by the Defendants in this case, as well as his vigorous motion practice, complete with citation to relevant authority.

### 2. Motion for Order Directing Defendants to Answer

On April 1, 2019, Plaintiff filed a motion seeking an order directing the Defendants to file an answer to his complaint. (Doc. 13). All Defendants have now filed answers; therefore, this motion is moot.

### B. Defendants' Motions

### 1. Motion to Strike Supplemental Memorandum

In his response to Defendants' motions to dismiss, Plaintiff explained his belief that he had identified his claims as being filed against the Defendants in both their official capacities (for injunctive relief) and in their individual capacities (for monetary damages). (Doc. 15). In a reply memorandum in support of their motions to dismiss, Defendants asserted that Plaintiff "acknowledges that he failed to provide the appropriate capacity…." (Doc. 19 at 2). Objecting to that [mis]characterization, Plaintiff filed a "supplemental memorandum" - essentially a sur-reply – without leave of court. (*See* Doc. 24). Defendants promptly filed a motion to strike, since a sur-reply is rarely authorized, and only if a party first moves for leave of court.

It is true that Plaintiff filed his construed sur-reply without an appropriate motion. And Plaintiff is forewarned that in the future, this Court is unlikely to excuse any similar

3

procedural errors. However, under the circumstances presented, and on this one occasion, the Court exercises its discretion not to strike the supplemental memorandum.

## 2. Motion to Strike Amended Complaint

Defendants also seek to strike Plaintiff's "Amendment to the Plaintiff's Complaint." (Doc. 16). Although the amendment was not accompanied by a separate motion seeking leave of court, the document cites to Rule 15(a) of the Federal Rules of Civil Procedure and states Plaintiff's intention "to withdraw his request for an injunction against the above-named defendants, and to make clear that he is bringing suit against them in their 'individual' capacity." The brief amendment concludes by stating that "in all other respects the Plaintiff's original complaint remains the same." (Doc. 16 at 2). Rule 15(a)(1)(B) allows one amendment "as a matter of course" (i.e., without leave of court) so long as the amendment is filed within 21 days after service of a motion under Rule 12(b). Plaintiff's amendment is timely under that rule.

However, Defendants argue that Plaintiff should be required to restate all facts and claims in the amended complaint that were not dismissed on initial screening. Based upon Plaintiff's failure to do so, Defendants urge this Court to reject the amendment as an improper attempt to "tack on" claims to the original complaint in piecemeal fashion. Presumably in the alternative, they argue that the failure to restate the claims means that all prior claims are extinguished. (Doc. 20 at 4). They further argue that the amendment itself also could be viewed as a procedurally improper sur-reply to their motion to dismiss.

None of these arguments are persuasive. The referenced amendment is appropriately concise and does no more than clarify the record concerning the capacity

in which the Defendants are being sued, and acknowledges the voluntary dismissal of the previously pleaded claim for injunctive relief against the same Defendants in their official capacities.

II. **Conclusion and Order**

For the reasons stated, **IT IS ORDERED THAT:**

1. Plaintiff's motion seeking the appointment of counsel (Doc.12) is **DENIED**;

2. Plaintiff's motion seeking an order requiring Defendants to file their answers (Doc. 13) is **DENIED** as moot;

3. Defendants' motions to strike the Notice/Amendment of complaint and motion to strike Plaintiff's construed sur-reply (Docs. 24, 25) are **DENIED**.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge