FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Karl Fugate, | : | |
| | : | Case No. 1:19-cv-00030 |
| Plaintiff, | : | |
| | : | Judge Matthew McFarland |
| v. | : | |
| | : | |
| Ronald Erdos, | : | |
| | : | Magistrate Judge Bowman |
| Defendants, et.al. | : | |

**DEFENDANT ERDOS' REPLY IN SUPPORT OF HIS CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant Ronald Erdos hereby replies to Fugate's response in opposition to summary judgment. (Doc. 70.) According to the United States Supreme Court, "courts must defer to the judgment of corrections officials unless the record contains substantial evidence showing their policies are an unnecessary and unjustified response to problems of jail security." *Florence v. Bd. of Chosen Freeholders of City of Burlington*, 556 U.S. 318, 481 (2012). "Federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States" *Meachum v. Fano*, 427 U.S. 215, 229 (1976). "[I]t is 'difficult to imagine an activity in which a State has a stronger interest…than the administration of its prisons.'" *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

In his response, Plaintiff admits that Porters have access to J-1 during second shift. (Doc. 70, Response, PageId# 1078.) He then suggests, to avoid a constitutional violation, that guards conduct two strip-searches during second shift, once before porters arrive and second after porters leave, instead of waking him, and conducting another search, during third shift. (Id.) Thus, Plaintiff concerns does not seem to center on the fact that he searched, but rather, the time of day

when the search is conducted. However, the time of day when the third search is conducted does not even implicate the Fourth Amendment or Eighth Amendment.

Plaintiff also suggests that it would be impossible for a porter to smuggle contraband into a "slammer cell." (Doc. 70, PageId# 1077.) However, as Warden Erdos attests, during his tenure, contraband has been found on inmates housed in the J1 "slammer cells." (Def. Ex. A – Erdos Dec., ¶2.) This demonstrates that although it may be difficult for inmates in J1 to obtain contraband, even in slammer cells, it is certainly not impossible. Furthermore, Plaintiff had just recently attacked an inmate, and then a member of staff, and Defendant Erdos had a justifiable basis for taking extra precautions when supervising Plaintiff's incarceration. (Doc. 61-4, Erdos Dec., ¶¶3, 5.)

Lastly, although he carries the burden, Plaintiff makes no attempt to overcome Defendant Erdos' qualified immunity defense. Plaintiff has the burden of producing "controlling authority" or "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne*, 526 U.S. 603, 617 (1999). Absent controlling authority, the "concensus of cases" must be "robust." *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011). More to the point, decisions from other circuits must be "directly on point." *Kennedy v. City of Villa Hills*, 635 F.3d 210, 214-215 (6th Cir. 2011). To avoid qualified immunity, the Plaintiff cannot rely on a "mere handful of decisions of other circuits or district courts, which are admittedly novel, [but] cannot form the basis for a clearly established right[.]" *Ohio Civil Service Employees Assoc. v. Seiter*, 858 F.3d 1171, 1177 (6th Cir. 1988). More to the point, district court cases cannot provide the necessary "clearly established" law to defeat qualified immunity. *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019), citing, *Camreta v. Greene*, 563 U.S. 692 709 n.7 (2011).

In this Circuit, the cases regarding strip-searches involve guards who strip-search inmates in full view of other inmates or the searches are conducted in close proximity to members of the opposite sex. See, *Williams v. City of Cleveland*, 771 F.3d 945 (6th Cir. 2014); *Stoudemire v. Michigan Dept. of Corrections*, 705 F.3d 560, 572 (6th Cir. 2013). *Sumpter v. Wayne Cty.*, 868 F.3d 473, 481 (6th Cir. 2017).  In the present case, Plaintiff was searched privately in a shower cell, by male guards, often supervised by other male guards, outside the view of other inmates. (Doc. 64-2, Whitman Dec., ¶¶5, 6; Doc. 61-4; Erdos Dec., ¶¶7-8.)  The facts of this case compliments clearly established law, and certainly does not abrogate it.

        Respectfully submitted,

        DAVE YOST
        Ohio Attorney General

        /s/ *Thomas E. Madden*
        THOMAS E. MADDEN (0077069)
        Senior Assistant Attorney General
        Criminal Justice Section, Corrections Unit
        150 East Gay Street, 16th Floor
        Columbus, Ohio 43215
        Phone: (614) 995-3234
        Fax: (866) 239-5489
        Thomas.Madden@OhioAttorneyGeneral.gov

        COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing *Defendants' Reply in Support of his Cross Motion for Summary Judgment* was filed via electronic transmission on December 16, 2020, and was sent by regular, first-class mail to Karl Fugate, #A528-949, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, OH 44505.

                                                  *s/Thomas E. Madden*
                                                  THOMAS E. MADDEN (0077069)
                                                  Senior Assistant Attorney General