IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FILED
RICHARD W. NAGEL
CLERK OF COURT
21 JAN 11 PM 2:13
U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

KARL FUGATE,
   -PLAINTIFF

vs.

RON ERDOS, ET. AL.
   -DEFENDANTS

CASE No. 1:19-cv-00030

JUDGE MATTHEW McFARLAND
M.J. STEPHANIE K. BOWMAN

---

**PLAINTIFF'S FINAL REBUTTAL OF THE DEFENDANTS REPLY TO HIS MOTION FOR SUMMARY JUDG.**

---

The Plaintiff agrees with the Defendants statement that the "use of fore (sic) by a guard in (sic) effort to maintain security does not rise to an Eighth Amendment violation." <u>Whitley v. Albers, 475 U.S. 312</u>

What the Defendants did to the Plaintiff there in that torture-room inside of S.O.C.F.'s infirmary wasn't to maintain security, however. Rather it was a sadistic beating whose intent was to maliciously cause him harm, in retribution for his recent assault upon one of S.O.C.F.'s staff members. Contrary to the Defendants statement in their most recent reply, the Plaintiff does NOT take issue with the measures Fri and McCoy used to gain control of him immediately after the attack.

Those measures taken by Fri and McCoy at that time weren't where he suffered his beating, as the Defendants well-know — and as the video

evidence should clearly show. If there was no wound on the Plaintiff's forehead on the way down to the infirmary but there was when the Defendants brought him out of the torture-room to be examined by the nurse (as is customary after all physical altercations), then where do the facts establish that he suffered this head wound? Which, again, was only the immediately visible product of the surreptitious beating that he had just suffered by these retribution-minded Defendants.

Worthy of note is that the Defendants now admit that what the Plaintiff had was a CUT above his right brow – forehead cuts bleeding profusely, which means that if the Plaintiff suffered that wound in the hearing room at the hands of Fri and McCoy what the video would show is a bloody-headed Plaintiff being escorted through S.O.C.F.'s corridors to the infirmary.

This court will note that the Defendants previously stood on the fact that there was no descriptive of the head wound, other than the fact that it was an "ABRASION" – which is itself a description, no? As can be seen from the attached exhibit, it turns out that the nurse actually recorded an abrasion AND a laceration.

This is the nurse's report referred to in the Defendants latest reply, wherein they state that since the nurse's report records that the Plaintiff had "no complaints of dizziness or reported loss of consciousness" his fanciful version of events is thus directly contradicted. But this isn't what the report does at all. Did the nurse ASK him if he was dizzy or had lost consciousness at any point, or is she simply reporting on the fact that he made no complaint of those particular things? Looking at that photo of the Plaintiff sitting in that chair with shirt bloody and head bowed, it doesn't look like he was in a talkative condition.

PG. 3 of 3

The Defendants proclaim that the Plaintiff has provided no other medical records to support any of his alleged injuries — but not for lack of trying or because those records don't exist. The Defendants have control over those records, and have deliberately failed to provide them in discovery. Here with this Nurse's Report we have a prime example of the Defendants cherry-picking of the evidence that they want this Court to see, but in which we can still see glimpses of the truth clearly revealed.

The Nurse's Report seems to say "Nothing much to see here", until the very last sentance: <u>Sent to OSU ER by Squad per ALP Conley instructions</u>. OSU is the Ohio State University Hospital in Columbus, a 4 hour drive from S.O.C.F. The ER is obviously the Emergency Room, and a Squad is an ambulance — transport to outside medical facilities typically done by prison bus or van, unless the situation is a potentially life-threatening emergency.

A potentially life-threatening emergency obviously being what ALP Conley felt himself to be looking at here, as he examined post-beating Plaintiff Fugate. What did he see that alarmed him so? Likely signs of a serious head injury, above and beyond a mere cut and abrasion — which would be entirely consistant with the Plaintiff having been recently rendered unconsious by the Defendants.

The Plaintiff herewith moves this Court to <u>ORDER</u> the Defendants to provide all documents surrounding Dr. Conley's assessment of the Plaintiff on this day along with any medical reports generated by his admission to OSU's Emergency Room, before rendering judgment here.

Signed and Verified this 6th day of January, 2021

Respectfully Submitted,
x Karl Fingate

1-6-21

Dear Clerk for the Southern District,

Please find enclosed Plaintiff Fugate's **Final Rebuttal** in case # 1:19-cv-00030. Due to complications due to COVID I'm still unable to provide you copies. Sorry.

Sincerely,

x *Karl Fugate*
Karl Fugate # A528-949
O.S.P.
878 Coitsville-Hubbard Rd.
Youngstown, OH 44505

· CCFile ·